UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vinnia C. Brayboy, | ) | Civil Action No.: 4:14-cv-02965-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MST-Maschinenbau GmbH; | ) | |
| MST-Dranbedarf GmbH; | ) | |
| | ) | |
| Defendants/Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| East Coast Erosion Blankets, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

This matter is before the Court on Third-Party Defendant East Coast Erosion Blankets, LLC's [ECF #28] motion to dismiss for failure to state a claim. Also before the Court are motions to amend the third-party complaint by Defendants, MST-Maschinenbau GmbH and MST-Dranbedarf GmbH [ECF ## 31, 41]. For the reasons stated below, the Court grants East Coast's motion to dismiss and denies MST's motions to amend the third-party complaint.[1]

### **Procedural and Factual Background**

This case arises out of Plaintiff employee Vinnia C. Brayboy's on the job injury while employed by Third-Party Defendant East Coast Erosion Blankets, LLC (hereinafter "East Coast"). Plaintiff was allegedly injured in connection with the use of a machine manufactured by Defendants, MST-Maschinenbau GmbH and MST-Dranbedarf GmbH, to make erosion control blankets. As a

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court determined that a hearing was not necessary.

result of the on the job injury, Brayboy sought and was provided workers' compensation benefits.

Brayboy then brought the current products liability action against Defendants MST-Maschinenbau

GmbH and MST-Dranbedarf GmbH (collectively referred to as "MST") alleging causes of action

for negligence, strict liability, and breach of implied warranty.  MST filed an answer [ECF #13] and

a third-party complaint [ECF #16] against Brayboy's employer, East Coast, alleging a cause of

action for equitable indemnity against East Coast.  East Coast filed an answer to the third-party

complaint along with a motion to dismiss.  MST then filed a motion and amended motion seeking to

amend the third-party complaint to add a cause of action for implied contractual indemnity.  East

Coast responded arguing the proposed amendment to the complaint would be futile.

## I.    Motion to Dismiss

East Coast has moved to dismiss the third-party complaint arguing that it is immune from

equitable indemnity claims based on the exclusivity provisions of the South Carolina Workers'

Compensation Act.  East Coast also argues that MST cannot obtain indemnity because South

Carolina does not permit a tortfeasor to obtain equitable indemnity from another alleged tortfeasor.

Additionally, East Coast argues that MST cannot recover its fees and costs in a third-party

complaint because fees and costs are not derivative of any liability or amounts potentially owed by

MST to Brayboy.

When reviewing motions made under Federal Rule of Civil Procedure 12(b)(6) or 12(c)[2], the

court must accept all well-pled allegations in the plaintiff's complaint as true and draw all

---

[2]    When reviewing a motion made under Federal Rule of Civil Procedure 12(c), the court applies the same standard applicable to motions made under Rule 12(b)(6). *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014); *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-6 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

2

reasonable factual inferences from those facts in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.  A complaint attacked by a motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974; *see also*, *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Self v. Norfolk Southern Corp.*, No. 07-1242, 2008 WL 410284, at *1 (4th Cir. February 13, 2008) (unpublished).

In this case, MST manufactured the erosion control blanket machine that ulimtately injured East Coast employee, Vinnia Brayboy.  MST does not allege that the equipment contract between it and East Coast provided for any express right of indemnification, nor that East Coast ever agreed to do so.  MST seeks equitable indemnification from East Coast alleging that East Coast purchased the blanket machine, made alterations without MST's knowledge, and refused to install a recommended safety measure on the blanket machine.  It is undisputed that Brayboy sought and collected workers' compensation benefits from East Coast for his on-the-job injury.

East Coast argues that under S.C. Code Ann. § 42-1-580, which addresses contribution and indemnity from an employer, East Coast is immune from any indemnification claims unless there is an express contract providing for indemnification. *See BET Plant Servs., Inc. v. W.D. Robinson Elec. Co., Inc.*, 941 F. Supp. 54, 56 (D.S.C. 1996) (stating that § 42-1-580 generally satisfies all claims that third parties might have against the employer arising out of the same accident unless

there is an express indemnification agreement). MST, relying on cases construing the Federal Employees' Compensation Act ("FECA"), the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), and the Tennessee Workers' Compensation Act, argues that federal authority permits third-party indemnity claims against employers regardless of the exclusivity provisions in workers' compensation cases. MST also argues that South Carolina does not bar third-party indemnity claims in the workers' compensation context and that the S.C. Workers' Compensation Act governs rights between employer and employee and was not intended to control rights and interests of third parties such as MST.

S.C Code Ann. § 42-1-580, entitled "Effect of rights of third party against employer on employee's recovery," provides:

> When the facts are such at the time of the injury that a third person would have the right, upon payment of any recovery against him, to enforce contribution or indemnity from the employer, any recovery by the employee against the third person shall be reduced by the amount of such contribution of indemnity and the third person's right to enforce such contribution against the employer shall thereupon be satisfied.

S.C. Code Ann. § 42-1-580.

In *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co., Inc.*, Judge Norton explained that § 42-1-580 generally satisfies all claims that third parties might have against the employer arising out of the same accident except in the limited circumstance where there is an express indemnification agreement. 941 F. Supp. 54, 56 (D.S.C. 1996). Drawing on the reasoning from a published South Carolina Supreme Court case, *Fuller v. Southern Elec. Serv. Co.*, 20 S.E.2d 707 (S.C. 1942), and an unpublished South Carolina Court of Appeals case, *Daniels v. Conrad Constr. Co. v. Joe Harden Builder, Inc.*, No. 93-UP-119 (S.C. Ct. App. April 22, 1993) (unpublished), the court held that a

4

third party could not maintain an action against an employer who was covered under the S.C. workers' compensation statute unless there was a pre-existing express contractual agreement for indemnification. *BET Plant Servs., Inc.*, 941 F. Supp. at 56-57.  The reasoning and result in *BET Plant Services* is persuasive, especially in light of the unpublished S.C. Court of Appeals case referenced in *BET Plant Services.*  The cases relied on by MST, on the other hand, do not involve the S.C. Workers' Compensation Act or provisions similar to § 42-1-580.

In *Freeman Mech., Inc. v. J.W. Bateson Co., Inc.*, 447 S.E.2d 197 (S.C. 1994), the South Carolina Supreme Court held that a general contractor could not be sued by a sub-contractor for common law indemnity since the general contractor was covered under the exclusivity provisions of the S.C. Workers' Compensation Act.  In that case, the South Carolina Supreme Court found that "because [general contractor] was potentially liable under the Act for workers' compensation benefits paid . . . , [general contractor] also enjoys immunity created by the Act from common law claims." *Freeman Mech., Inc.*, 447 S.E.2d at 98.

In this case, East Coast paid benefits to Brayboy under the S.C. Workers' Compensation Act.  "Under [Section 42-1-580], an employer's payment of benefits to an employee generally satisfies all claims that third parties might have against the employer arising out of the same accident." *BET Plant Servs., Inc.*, 941 F. Supp. at 56.  A workers' compensation statute, however, does not insulate an employer from liability under an express indemnification agreement. *Id.*  Here, there is no allegation of an express indemnification agreement.  As a result, in the absence of an express agreement to indemnify, East Coast is immune from common law claims for indemnity

5

from MST.[3]  MST has, therefore, failed to state a claim for relief that is plausible on its face.

*Twombly*, 127 S.Ct. at 1974.

## II.     Motions to Amend Third-Party Complaint

MST filed a motion to amend and amended motion to amend its third-party complaint to add

a cause of action for implied contractual indemnification.  MST argues that the "Equipment

Contract," which is essentially a purchase agreement for the blanket machine that injured Brayboy,

provides a basis for implied contractual indemnification.  MST contends that the contract for sale

included detailed specifications for the installation and operation of the blanket machine.  MST

argues that the contract for sale carried with it an implied indemnification term for any liability that

results from a failure to comply with the specifications set forth in the contract and any

specifications recommended thereafter.  MST argues that because East Coast failed to maintain the

machine according to specifications, altered the blanket machine, and refused recommended  safety

measures (made eight years after the sale of the machine), it impliedly agreed to indemnify MST for

any liabilities arising out of these specific alleged undertakings.   East Coast responds arguing that

MST's proposed amendment is futile because under S.C. Code Ann. § 42-1-580, MST cannot seek

---

[3]        Despite MST's arguments, there is no authority for permitting an equitable
indemnification claim against an employer who is subject to or has paid workers'
compensation benefits under the S.C. Workers' Compensation Act. *See, e.g.* Grady L.
Beard, Esq. et al., The Law of Workers' Compensation Insurance in South Carolina, Ch.
11 V., (6th ed. 2012).  Indeed, MST appears to acknowledge as much when it states in its
brief that "South Carolina should look to the United States Supreme Court, the Fourth
Circuit, and federal district courts for guidance on this issue, which have all recognized
that third-party indemnity claims are permitted to be brought against an employer despite
the exclusive remedy provisions contained in workers' compensation acts." [MST's
Response in Opposition to Motion to Dismiss, ECF # 32, at pg. 16].  As a federal court
sitting in diversity, it is not this Court's function to create new law or causes of action that
are contrary to South Carolina law.  *See Guy v. Travenol Labs, Inc.*, 812 F.2d 911, 916
(4th Cir. 1987).

indemnification from East Coast unless there is an express indemnification agreement.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its complaint "only with the other party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Federal Rules instruct courts to "freely give leave when justice so requires." *Id.* However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile," *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir.2010).

MST's proposed amendment fails for the same reason its equitable indemnification claim, discussed more fully above, fails. East Coast, having provided workers' compensation benefits to Brayboy pursuant to the S.C. Workers' Compensation Act, is immune from common law claims for indemnification by MST. *See Freeman Mech., Inc.*, 447 S.E.2d at 98; *BET Plant Servs., Inc.*, 941 F. Supp. at 56-57. MST has not alleged an express agreement to indemnify. MST's proposed amendment is futile as it fails to state a claim that is plausible on its face. *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008); *Syngenta Crop Prot., Inc. v. EPA*, 222 F.R.D. 271, 278 (M.D.N.C. 2004). The motion to amend and amended motion to amend the third-party complaint are denied.

## Conclusion

For the reasons stated above, East Coast's [ECF #28] motion to dismiss the third-party complaint is **GRANTED**. MST's [ECF #31] motion to amend the third-party complaint and [ECF #41] amended motion to amend the third-party complaint are **DENIED**.

**IT IS SO ORDERED**.

May 4, 2015                                          s/ R. Bryan Harwell
Florence, South Carolina                            R. Bryan Harwell
                                                    United States District Judge