UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vinnia C. Brayboy, ) | Civil Action No.: 4:14-cv-02965-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MST-Maschinenbau GmbH; ) | |
| MST-Dranbedarf GmbH; ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a motion to reconsider under Rule 59(e) [ECF #52] filed by Defendants, MST-Maschinenbau, GmbH and MST-Dranbedarf, GmbH, ("Defendants" or "MST"). MST seek reconsideration of the Court's Order [ECF #50], which granted Third-Party Defendant East Coast Erosion Blankets, LLC's ("East Coast") motion to dismiss and denied MST's motion to amend the third-party complaint. For the reasons stated below, the Court denies MST's motion to reconsider.[1]

**Factual and Procedural History**

This case arises out of Plaintiff Vinnia C. Brayboy's on the job injury while working for a sub-contractor of East Coast. Plaintiff was allegedly injured in connection with the use of a machine manufactured by MST to make erosion control blankets. As a result of the on the job injury, Brayboy sought and was provided workers' compensation benefits. Brayboy then brought the current products liability action against MST alleging causes of action for negligence, strict liability, and breach of implied warranty. MST filed an answer [ECF #13] and a third-party

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

complaint [ECF #16] against Brayboy's statutory employer, East Coast, alleging a cause of action for equitable indemnity against East Coast.  East Coast filed an answer to the third-party complaint along with a motion to dismiss.  MST then filed a motion and amended motion seeking to amend the third-party complaint to add a cause of action for implied contractual indemnity.  East Coast responded arguing the proposed amendment to the complaint would be futile.

On May 4, 2015, the Court granted East Coast's motion to dismiss and denied MST's motion to amend the third party complaint holding that, in the absence of an express indemnification agreement, East Coast, having provided workers' compensation benefits to Brayboy pursuant to the S.C. Workers' Compensation Act, was immune from common law claims for indemnification by MST.

On June 1, 2015, MST filed the current motion to reconsider under Rule 59(e).  East Coast then filed a response on June 16, 2015.

### Standard of Review

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).  The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added).  Rule 59 motions "may not be used to make arguments that *could have been made before the judgment was entered*."  *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added).  Nor are they opportunities to rehash issues already ruled upon because a litigant

is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

## Discussion

As stated above, the Court granted East Coast's motion to dismiss and denied MST's motion to amend the third party complaint holding that, in the absence of an express indemnification agreement, East Coast, having provided workers' compensation benefits to Brayboy pursuant to the S.C. Workers' Compensation Act, was immune under S.C. Code Ann. § 42-1-580 from common law claims for indemnification by MST.[2] The Court relied heavily on the reasoning in *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54 (D.S.C. 1996), which held that a third party could not maintain an action against an employer who was covered under the S.C. workers' compensation statute unless there was a pre-existing express contractual agreement for indemnification. *BET Plant Servs., Inc.*, 941 F. Supp. at 56-57.

MST argues that reconsideration of the Court's Order denying MST's motion to amend and dismissing MST's equitable indemnification claim is warranted in order to correct clear errors of law and to prevent manifest injustice. Specifically, MST argues the motion to amend was improperly denied as futile because a viable cause of action for implied contractual indemnification exists. MST also contends the Court improperly dismissed MST's equitable indemnification claim

---

[2] As a point of clarification, in its brief in support of its motion for reconsideration, MST for the first time points out that Brayboy worked for a subcontractor of East Coast and that it was the subcontractor who actually paid workers' compensation benefits. Both parties acknowledge, however, that East Coast was the statutory employer and, as such, is entitled to the immunities afforded under the Workers' Compensation Act. *See Freeman Mech., Inc. v. J.W. Bateson Co., Inc.*, 447 S.E.2d 197, 199 (S.C. 1994) (holding that because [Contractor] was potentially liable under the Act for workers' compensation benefits paid to [Sub-contractor's] employee, [Contractor] also enjoys the immunity created by the Act from common law claims"). Therefore, the fact that Brayboy's workers' compensation benefits were paid by the sub-contractor rather than East Coast does not change the Court's analysis. As the statutory employer, East Coast is immune from common law claims of indemnification absent an express indemnification agreement.

3

against East Coast arguing that it pled sufficient facts to support a viable equitable indemnification claim.  MST argues the Court erred in relying on *BET Plant Servs. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54 (D.S.C. 1996), as a basis to dismiss MST's equitable indemnification claim and deny MST's proposed implied contractual indemnification claim.  MST argues *BET* does not proscribe causes of action against an employer for equitable indemnification or implied contractual indemnification but instead permits third-party claims against employers in some circumstances despite the immunities provided to employers.

MST's arguments ignore the fact that South Carolina does not recognize causes of action for equitable indemnification or implied contractual indemnification against a statutory employer who is subject to the S.C. Workers' Compensation Act.  The immunities under the Act can only be waived by an express agreement. *BET Plant Servs.*, 941 F. Supp. at 56-57.  As noted in footnote 3 of the Court's Order granting the motion to dismiss, it is not this Court's function to create new law or causes of action by carving out additional exceptions to the immunities afforded by S.C. Code Ann. § 42-1-580.  Accordingly, MST has failed to set forth an adequate basis for relief under Rule 59 of the Federal Rules of Civil Procedure.

## Conclusion

For the reasons stated above, MST's motion [ECF #52] motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

January 12, 2016                                      s/ R. Bryan Harwell
Florence, South Carolina                              R. Bryan Harwell
                                                      United States District Judge